IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-cr-00292-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LANCE MIGLIACCIO,

    Defendant.

## ORDER ON BOND

Defendant requests release on bond.  The Court held a hearing concerning detention in this matter on August 10, 2009.  Defendant is requesting release on conditions, while the Government is seeking pretrial detention, relying on both a risk of nonappearance and a risk to the community.  The Government presented the testimony of Drug Enforcement Administration Special Agent Tom Miller, and defense counsel cross-examined at length.  Defendant proffered the testimony of his family and the support (including financial) that they would provide.

The Court has considered the arguments of counsel, the evidence produced at the hearing, and the Court's file (including the Pretrial Services Report).  There is a presumption of detention imposed by Congress pursuant to 18 U.S.C. § 3142(e)(3)(A), due to the maximum term of imprisonment being ten years or more under the Controlled Substances Act for the charges that are pending against Defendant.  Despite this presumption of detention, the United States has the ultimate burden of proof and persuasion on whether there are release conditions that can reasonably assure the defendant's appearance and protect against danger to the community.  *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001).  The presumption of detention puts upon the Defendant a burden

of production. "[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption." *United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991) (citations omitted).

"Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Rodriguez,* 950 F.2d at 88. The relevant factors include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence, (3) the defendant's personal circumstances, including family and community ties, criminal history, any indication of drug and alcohol abuse, and whether at the time of the offense or arrest the defendant was on probation, parole, or conditional release, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Cortez*, 12 F. App'x 708, 710 (10th Cir. 2001).

The nature of the offense that has been alleged against the Defendant makes him an inherent flight risk. *See United States v. Martir,* 782 F.2d 1144, 1146 (2d Cir. 1986) (Congress has found that serious drug offenders pose unusual risks of flight). Congress determined that the risk of flight to avoid prosecution is "particularly high among those charged with major drug offenses" and "a strong probability arises that no conditions will adequately secure future appearances." *Martir,* 782 F.2d at 1144 (quoting Senate Report at 20, reprinted at 1984 U.S. Code Cong. & Ad. News 3202). Additionally, the Government represented that it would be seeking a superseding indictment charging Defendant with mixed weapons/drug offenses that would result in a mandatory minimum sentence of 30 years.

The weight of the evidence also is in favor of detention. The evidence of Defendant's possession of distribution quantity amounts of MDMA was strong.

The Defendant's personal characteristics weigh strongly in favor of release upon conditions. Defendant has undisputedly strong family and community ties. He has no relevant criminal history. The record contains no information regarding post-college drug use and, although the Court is not pleased with Defendant's refusal to cooperate in this line of inquiry posed by the pretrial services officer, it does not appear that Defendant has drug or alcohol addictions. Obviously, Defendant was not on any conditions of release at the time of the offense charged here.

Finally, the Government has not established the seriousness of the danger to any person or the community that would be posed by the Defendant's release. Defendant has been stripped of all weapons and does not appear from this record to have any sort of gang affiliation that would give him immediate access to illegal weapons upon his discharge. The Government proffered hearsay evidence of Defendant's puffing statement that he shot, or arranged to have shot, a former business associate, but there was no credible evidence that any particular former business associate of Defendant's had, in fact, been shot. The Government produced evidence of Defendant's possession of particularly destructive, military-type ammunition and explosives but no evidence that he, or anyone associated with him, had ever used, or even intended to use or contemplated using, these in a criminal way (although, admittedly, mere possession of such items appears to be illegal).

It is extremely rare for the undersigned to authorize release of a Defendant in a presumption case. Congress has considered the charges here serious enough to warrant extreme caution in considering the release of the Defendant. But weighing all of the relevant considerations, I believe that conditions can be imposed that will reasonably assure future appearances in Court and

ameliorate risk to the community, with two provisos. First, and obviously, there may, in the future, be changed conditions that would tilt the balance in favor of detention. Second, as this is an extremely close question and one to which the Court has devoted very serious thought, in the event of a violation of *any* condition of release, the Court would almost certainly order detention.

Therefore, the Court will order a $50,000.00 bond, secured by 10%, in addition to requiring the Defendant to post his home as collateral (as suggested by defense counsel at the hearing). The Court will also order home detention with electronic monitoring, to include GPS. Further, the Court will impose the conditions recommended by Pretrial Services:

1) Defendant shall maintain or actively seek employment;

2) Defendant's travel shall be restricted to Colorado unless prior permission is granted from the Court;

3) Defendant shall report on a regular basis to the supervising officer;

4) Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon;

5) Defendant shall refrain from *any* use of alcohol;

6) Defendant shall refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner;

7) Defendant shall submit to urine analysis testing upon demand of the supervising officer, and pay all costs associated with said testing as directed by the supervising officer;

8) Defendant shall participate in a program of inpatient or outpatient substance abuse

therapy and counseling if deemed advisable by the supervising officer;

9) Defendant shall surrender his passport to the Clerk's Office within 24 hours and shall not obtain a passport or international travel documents;

10) Defendant shall not act as an informant for any law enforcement agency without prior permission from the Court.

The Government also put on the record that the confidential informant in this case has expressed a fear of Defendant. Therefore, a further condition is that Defendant shall have no contact, directly or indirectly, with any potential witness in this case.

Finally, Defendant shall be released no earlier than noon on Monday, August 17, 2009, in order to permit the Government to seek appeal from this Order, and, thus, this Order is stayed until then.

SO ORDERED.

DATED and ENTERED this 11th day of August, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge