IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:09-cr-00292-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LANCE MIGLIACCIO,

    Defendant.

**RESPONSE TO "MOTION FOR ORDER VACATING CONVICTION," ETC.  [#176]**

Lance Migliaccio now moves for an order vacating his conviction, dismissal of the indictment with prejudice, and other types of relief.  [#176].  This court should deny the motion because it is duplicative of other motions he has filed that are currently pending before this court.  Alternatively, the court should strike the motion as redundant pursuant to Local Rule 7.1(i).

## DISCUSSION

Migliaccio's present motion is duplicative, as the following demonstrates.

- **Petition for Writ of *Coram Nobis* [#136]**

Migliaccio filed in this court almost exactly one year ago his petition for writ of *coram nobis* [#136].  His *coram nobis* petition is the lynchpin for all of the various requests for relief he currently has pending with this court.  In his petition Migliaccio seeks dismissal of his indictment with prejudice based on his claim that the government engaged in prosecutorial misconduct.  *Id*. at 1, 37-38.  He also averred that he suffered a violation of his constitutional rights as well as his rights under

1

*Brady* and *Giglio*.[1]  *Id*. at 22-26.  In support of his petition, Migliaccio relied exclusively on an anonymous letter submitted directly to this court, *id*. at 9, which he calls the "Whistleblower Death Bed Confession Letter."  [#136-1 at 2-14].  The government filed a response in opposition to Migliaccio's petition [#160], Migliaccio filed a reply [#166], and the *coram nobis* petition is now fully briefed.

Migliaccio's current "Motion for Order Vacating Conviction," etc., is duplicative.  As in his *coram nobis* petition, he states in his current motion that, "[a]t the heart of this motion lies newly discovered evidence:  the Whistleblower Deathbed Confession Letter (WDCL), received anonymously by Petitioner in September 2023."  [#176 at 2].  And, as in his *coram nobis* petition, he doesn't rely in his current motion on any other evidence in support of his request to vacate his conviction.  *See* #176.

Migliaccio may be stating in his  "Motion for Order Vacating Conviction," etc., that he is also relying on the following:  (1) the government's "failure" to respond to ECF Doc. No. 135, filed March 18, 2024;[2] (2) the government's "selective engagement with later filings; (3) the government's "refusal to answer multiple discovery requests;" (4) the government's "concealment" of the WDCL; and (5) the government's "misuse" of confidential jail communications.  *See* #176 at 2.  None of this is evidence supporting his request to vacate his conviction.  The allegedly improper actions identified in (1)-(4) above occurred *14 years after* Migliaccio was

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

[2] Migliaccio claims that ECF Doc. No. 135 was a motion.  *See* #176 at 2.  It was not.  As the government explained in its response to Migliaccio's *coram nobis* petition, Doc. No. 135 is clearly a letter, it is in the format of a letter, and it is specifically addressed to this court.  *See* #160 at 22-23.  Moreover, this court identified the document as a letter.  [#135].  The court never ordered the government to respond to the letter.  *See* docket.

charged and pled guilty.  They did not occur on or before he pled.  As for the allegation identified in (5) above—regarding illegal eavesdropping on attorney-client communications while Migliaccio was at the Jefferson County Jail—Migliaccio admitted in his *coram nobis* petition that he was aware of the allegedly illegal eavesdropping prior to pleading guilty, that he discussed this with his attorney prior to pleading, and that he decided to plead guilty anyway.  [#136 at 9-11].

The government has already demonstrated in its earlier filings here that Migliaccio's various allegations are without merit.  *See* ECF ##157, 160, 161, 162, 168, 173.

- **Demand for Compliance with Discovery Requests [#140]**

Migliaccio filed eleven months ago a document he called his "Demand for Compliance with Discovery Requests" [#140], claiming he had propounded discovery on the government, that the government had not responded, and that he was due a response.  The government filed a response in opposition to the "demand for compliance" [#161], Migliaccio filed a reply [#165], and the "demand for compliance" is now fully briefed.

Migliaccio now includes in his current "Motion for Order Vacating Conviction," etc., an argument he calls his "Reaffirmation and Demand for Discovery Compliance."  [#176 at 13-15].  He admits that he is only "renewing" his demand for discovery compliance.  [#176 a 13].

- **Motion to Appoint a Special Master [#155]**

Migliaccio filed ten months ago a motion to appoint a special master in this case, claiming a special master was needed "to investigate the allegations set forth in the whistleblower's deathbed confession and other issues related to the case,

including the eavesdropping on attorney-client privileged communications" at the Jefferson County Jail. [#155]. He requested David R. Cohen as a special master. [#155 at 11]. The government filed a response in opposition to the motion [#168], Migliaccio filed a reply [#170], and the motion is now fully briefed.

Migliaccio now includes in his current "Motion for Order Vacating Conviction," etc., his "request for appointment of special master." [#176 a 16-18]. His current request is in all pertinent respects identical to his motion filed ten months ago. And he again requests that David R. Cohen be appointed as special master. [#176 at 17].

Local Rule 7.1(i) provides that a redundant motion may be stricken. *See* D.C.COLO.LCivR 7.1(i). This court has stricken duplicative motions as redundant pursuant to Local Rule 7.1(i). *Saxena v. Allen*, 1:22-CV-01769-RMR-SP, 2023 WL 4306289, at *3 (D. Colo. June 2, 2023), *aff'd in part, remanded in part on other grounds*, No. 23-1212, 2023 WL 8476264 (10th Cir. Dec. 7, 2023).

The government requests that Migliaccio's "Motion for Order Vacating Conviction," etc. be denied. Alternatively, the motion should be stricken pursuant to Local Rule 7.1(i) because it is redundant.

## CONCLUSION

Migliaccio's "Motion for Order Vacating Conviction," etc. [#176] should be denied as duplicative, or alternatively stricken pursuant to Local Rule 7.1(i) as redundant.

DATED:  This 22nd day of April, 2025.

          Respectfully submitted,

          J. BISHOP GREWELL
          Acting United States Attorney

          *s/ Michael C. Johnson*
          MICHAEL C. JOHNSON
          Assistant United States Attorney
          1801 California Street, Ste. 1600
          Denver, Colorado 80202
          (303) 454-0100
          USACO.ECFappellate@usdoj.gov

          Attorneys for Plaintiff
          United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/Colorado)

I hereby certify that on <u>April 22, 2025</u>, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and placed a paper copy in an envelope, postage prepaid, addressed to the following:

Lance Migliaccio
1205 Racine Street
Aurora, Colorado  80011

                                                 *s/ Kayla Keiter*_____
                                                 Kayla Keiter
                                                 United States Attorney's Office
                                                 Denver, Colorado